**Ralph NADER et al., Plaintiffs,**

v.

**John DUNLOP et al., Defendants.**

**Civ. A. No. 769–73.**

United States District Court,
District of Columbia.

Nov. 9, 1973.

Ronald Plesser, Alan B. Morrison, Washington, D. C., for plaintiffs.

Harlington Wood, Jr., Asst. Atty. Gen., Harold H. Titus, Jr., U. S. Atty., Washington, D. C., William E. Nelson, William C. White, John Bradley, Justice Dept., Washington, D. C., for defendants.

## MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

■ This matter is before the Court on cross motions for summary judgment. At issue is the exclusion of the public from the meetings of the advisory committees serving the Cost of Living Council. Plaintiffs contend that the Federal Advisory Committee Act (5 U.S.C. App. I, P.L. 92–463) requires that the various advisory committee meetings (those committees are: the Food Industry Advisory Committee; the Food Industry Wage & Salary Committee; and the Health Advisory Committee) be open to the public. The defendants argue that the meetings are being closed under authority of § 10(d) of the Act and the applicable guidelines (38 F.R. 2306, January 23, 1973), which provide that a meeting may be closed when it is determined by the Agency head that such meeting will involve matters listed in 5 U.S.C. § 552(b) the Freedom of Information Act.

More specifically, the defendants contend that the meetings were closed because they "would consist of an exchange of opinions and that the discussion, if written, would fall within exemption 5 of U.S.C. § 552(b) and that it was essential to close such meetings to protect the free exchange of internal views and to avoid undue interference with committee operations." (Section 10a(3)(C) of the Joint Memorandum of the Office of the Budget and the De-

partment of Justice, 38 F.R. 2309, 2310, as cited in defendants' Motion to Dismiss at 4.) Plaintiff agrees that in certain situations, the § 5 exemption may be invoked to close or partially close a meeting to the public. However, plaintiff contends that § 5 should not apply to protect all internal deliberations of the advisory committees, and that the § 5 exemption should not be applied in an automatic, blanket manner. (Only one portion of one advisory committee meeting has been open to the public, the remaining meetings were closed on the basis of § 5.) (Plaintiffs' Proposed Findings . . . nos. 3, 4.)

■ The Court believes that defendants' broad application of the § 5 exemption to include all deliberative conversations of the committee meetings is clearly contrary to Congressional intent and the policy of the Act. As stated by Senator Percy, "the second major element of the bill is its provisions for opening up advisory committees to public scrutiny".[1] Concern was expressed that in too many instances, advisory committees were consulting with government offices on important policies and decisions without an adequate guarantee that the public interest was being served[2] The legislative history further demonstrates that Congress rejected contentions that public participation would destroy the advisory process.[3]

In a recent decision of this Court, Judge Aubrey E. Robinson, Jr. analyzed the § 5 exemption as applied to the meetings of the Defense Advisory Committee on Women in the Services. He found "exemption 5 inapplicable by its terms and irreconcilable by result with the very purpose of the Federal Advisory Committee Act." Gates v. Schlesinger, 366 F.Supp. 797 (D.D.C. decided October 10, 1973). This Court, too, finds the express Congressional intent to provide

1. 118 Cong.Rec. S14644 at S14649 (daily ed. September 12, 1972) (Remarks of Senator Percy).

2. *Id.*

3. 118 Cong.Rec. H4275–86 (daily ed. May 9, 1972) ; 118 Cong.Rec. H8454 (daily ed. Sept. 18, 1972) ; 118 Cong.Rec. S95285–86 (daily ed. Sept. 19, 1972) ; 118 Cong.Rec. H8610–11 (daily ed. Sept. 20, 1972) ; H.R.Rep.No. 1017, 92nd Cong., 2nd Sess. (1972).

public access to Advisory Committee meetings irreconcilable in this case with the defendants' expansive reading of the § 5 exemption.

██ While the defendants contend that they have not adopted "such an expansive construction" as would close all advisory committee meetings, (Defendants' Motion to Dismiss, p. 23) it appears that such has been the case. This Circuit has recently criticized the broad-based, conclusory assertions often made by the Government to invoke Freedom of Information Act protections. *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir. 1973). Thus, said the Court of Appeals, "the agency may not sweep a document under a general allegation of exemption, even if that general allegation is correct with regard to part of the information". [footnote omitted]. *Vaughn, supra* 484 F.2d at 825. Here, the defendants are sweeping entire advisory committee meetings under the general allegation of a § 5 exemption. The defendants have not offered any specific reasons for closing the meetings.[4] Although the Advisory Committee Act does not contain the same express provisions as the Freedom of Information Act which places the burden of proof on the agency to sustain its action, this Court would agree with Judge Robinson in Gates v. Schlesinger, *supra,* 366 F.Supp. at 799, that the underlying policy considerations are identical and that the burden of proof should be comparable. The defendants should, at a minimum, provide "a relatively detailed analysis" of the bases for closing various portions of the meetings. Vaughn v. Rosen, *supra,* 484 F.2d at 826.

The Freedom of Information Act, as interpreted by case law, also requires that where portions of some documents (or, in this case, meetings) may be exempt from disclosure, the non-exempt (i.

e. purely factual material) portions are to be disclosed. Grumman Aircraft Engineering Corp. v. Renegotiation Board, 138 U.S.App.D.C. 147, 425 F.2d 578 (D.C.Cir. 1970); Environmental Protection Agency v. Mink, 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973). The burden of showing that it would be impossible or unfeasible to sever and release such nonexempt material is on the government. By analogy to the present problem, the defendants should bear the burden of showing specifically that all *portions* of all meetings should be closed.

The importance of the Federal Advisory Committee Act is epitomized by Senator Metcalf who handled the legislation in the Senate:

> What we are dealing with here goes to the bedrock of government decision making. Information is an important commodity in this Capital.
>
> Those who get information to policymakers, or information for them, can benefit their causes whatever it [sic] may be. Outsiders can be adversely and unknowingly affected. And decisionmakers who get information from special interest groups who are not subject to rebuttal because opposing interests do not know about the meetings—and could not get in the door if they did—may not make tempered judgments. 118 Cong.Rec. S15285–86 (daily ed. September 19, 1972).

This court will not allow the door to close on these meetings when Congress has expressly ordered the door be open except on the rarest occasions.

### ORDER

Upon consideration of the Cross Motions for Summary Judgment, it is by the Court this 9th day of November 1973,

---

4. Those notices which have appeared in the Federal Register announcing—and closing—the meetings of the advisory committee have stated: "The Director of the Cost of Living Council has determined that the meeting will consist of exchanges of opinions; the discus-

sions, if written, would fall within exemption 5 of 5 U.S.C. § 552(b); and it is essential to close the meetings to provide the free exchange of internal views and to avoid interference with the operation of the committee."

Ordered that plaintiffs' Motion for Summary Judgment be and hereby is granted; and it is

Further ordered that the defendants, their agents and employees, shall hold all future meetings of their advisory committees open to public access except to the extent that there is a specific finding made by the Director of the Cost of Living Council that the meeting, or a portion thereof, is to discuss a document which is specifically exempt from public disclosure under the Freedom of Information Act, 5 U.S.C. § 552(b).